IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:18-CR-00231-ALM-BD-1 |
| | § | |
| JUAN NINO | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Juan Nino's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on December 19, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto. The Government was represented by Paul Morris.

Defendant was sentenced on August 23, 2019, before The Honorable Amos L. Mazzant, III, U.S. District Judge of the Eastern District of Texas after pleading guilty to the offense of Reentry of Deported Alien, a Class C felony. This offense carried a statutory maximum imprisonment term of ten years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of III, was 18 to 24 months. Juan Nino was subsequently sentenced to 24 months imprisonment subject to the standard conditions of release, plus special conditions to include financial disclosure, alcohol restrictions, drug testing and treatment, and deportation. On March 12, 2021, Juan Nino completed his period of imprisonment and began service of the supervision term (Dkt. #36 at p. 1, Sealed).

On January 24, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #33, Sealed). The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) & (3) (mandatory) Defendant

shall not commit another federal, state, or local crime; (2) (special) Defendant must not possess or consume any alcoholic beverages; and (4) (special) If Defendant is ordered deported from the United States, Defendant must remain outside the United States. In the event that Defendant is not deported, or for any reason he re-enters the country after being deported, Defendant must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the county (Dkt. #33 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On December 28, 2021, the Richardson, Texas police officers conducted a traffic stop on Defendant. Defendant's license had been suspended on January 9, 2019, and not yet reinstated. Defendant was arrested for Driving with an Invalid License. He paid a $300 fine and was released the following day; (2) On December 28, 2021, during a subsequent search of Defendant's vehicle, police officers recovered two sixteen-ounce bottles of beer in the back pocket of the driver's seat. Defendant was also arrested for Open Container. He paid a $300 fine and was released the following day. Defendant was further cited for failure to dim lights and no insurance related to the initial traffic stop. A record check revealed that on November 22, 2021, the Richardson, Texas Police Department issued Defendant a citation for Driving with an Invalid License, Failure to Signal a Lane Change, and Open Container of Alcohol; (3) & (4) On or prior to November 22, 2021, Defendant committed the offense of Re-Entry of a Deported Alien in violation of Title 8 U.S.C. § 1326(a) & (b)(1), because Defendant was deported to Mexico on or about March 12, 2021, and he did not have legal permission to reenter or be present in the United States on or about the above date. To date, no formal charges have been brought regarding Defendant's reentry (Dkt. #33 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations (1) and (3) in the Petition. Having considered the Petition and the plea of true to allegations (1) and (3), the court finds that Defendant did violate his conditions of supervised release.

The Government moved to dismiss allegations (2) and (4) in the Petition.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of ten (10) months, with thirteen (13) months of supervised release to follow. All prior conditions imposed in the original judgment are reimposed here.

The court further recommends that the Government's motion to dismiss allegations (2) and (4) in the Petition be granted.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in the Fort Worth, Texas area, if appropriate.

**SIGNED this 3rd day of January, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE